**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KORINE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-02749-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING CORRECTED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT**

Plaintiff Korine Bailey ("Plaintiff"), on behalf of herself and the proposed Settlement

Class, asserts claims for alleged violations of the Employee Retirement Income Security Act of

1974 ("ERISA") against Defendant Sedgwick Claims Management Services, Inc.  (ECF No.

1.)  The Parties have reached a Settlement, memorialized in an Agreement, which they signed.

In her Corrected Motion[1], Plaintiff moves, unopposed, for the Court to preliminarily approve the

---

[1] AI is seemingly everywhere these days.  As great as it is, it still makes significant mistakes.
This is a cautionary tale about the use of artificial intelligence programs to draft legal documents.
Plaintiff first filed a Motion that included citations to cases that did not exist or quotes that did
not appear in real cases.  (ECF No. 91.)  The Court held a video status conference in which it
voiced concerns that Plaintiff's counsel used an AI tool to help draft its Motion.  Plaintiff's
counsel agreed that these errors were most likely the result of the AI tool.  Apparently that AI
program hallucinated over some citations.  As a result, the Court required Plaintiff's counsel to
correct the citations and submit a Corrected Motion.  They did so.  (ECF No. 94.)  The Sixth
Circuit has recently addressed the role of AI in the realm of litigation.  That court imposed
significant sanctions and pointed out that lawyers cannot outsource their ethical obligations to an
AI program.  In fact, the Sixth Circuit has sanctioned lawyers for doing just that.  In *United
States v. Farris*, the court noted the "baseline ethical obligations as they relate to the use of
artificial intelligence."  171 F.4th 920, 922 (6th Cir. 2026).  Even though this new technology
holds great potential, the court explained that "all in the legal profession must be clear eyed

1

Agreement so that they can send notice to the Settlement Class.[2]  (ECF No. 94.)

Having considered Plaintiff's Motion and the Agreement to determine whether the

Settlement warrants notice to members of the proposed Settlement Class, the Court **ORDERS,**

**ADJUDGES, AND DECREES** as follows:

### I.    Jurisdiction

The Court has jurisdiction over the subject matter of this Action and over all Parties to

this Action, including all Class Members.

### II.    Class Findings

The Court preliminarily finds, for purposes of the Settlement only, that the requirements

of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court,

and any other applicable law have been met as to the Settlement Class, in that:

A.    The Settlement Class is ascertainable from records kept with respect to the Sedgwick Welfare Benefits Plan ("Plan") and from other objective criteria, and the Settlement Class is so many that their joinder before the Court would be impracticable.

B.    Based on allegations, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

---

about technology's potential pitfalls," which "is especially critical in today's rapidly evolving [AI] landscape."  *Id.*  As the *Farris* court noted, Plaintiff's counsel is reminded that a lawyer's duty of competence requires one to keep up with "changes in the law and its practice" which includes "relevant technology."  *Id.* (quoting the Model Rules of Prof. Conduct. r.1.1 cmt. 8 (A.B.A 2012.)  So if counsel wants to use AI technology it "must do so in a manner consistent with their ethical obligations."  *Id.* at 922–23  (citing the compilation of state bar ethics rules and guidance on GAI found in A.B.A. Task Force on L. & A.I., Addressing the Legal Challenges of AI: Year 2 Report on the Impact of AI on the Practice of Law, 47–48 (2025)).  In its discretion, the Court did not impose sanctions here.  It likely could have.  *See Whiting v. City of Athens Tennessee*, 170 F.4th 455, 461 (6th Cir. 2026) ("Citing even a single fake case can be sanctionable because 'no brief, pleading, motion, or any other paper filed in any court should contain *any* citations—whether provided by generative AI or any other source—that' a lawyer has not personally 'read and verified.'") (quoting *Noland v. Land of the Free, L.P.*, 114 Cal.App.5th 426, 336 Cal. Rptr. 3d 897, 901 (2025)) (emphasis in original).  The hope is that Plaintiff's counsel has received the message.

[2] Capitalized terms not otherwise defined in this Order will have the same meaning as in the Agreement.  The "Settlement Class" is defined in this Order below.

C.  Based on allegations, the Court preliminarily finds that the claims of Plaintiff are typical of the claims of the Settlement Class.

D.  Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiff and the nature of her alleged claims track those of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiff and the Settlement Class; and (iii) Plaintiff is represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

E.  The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, resolve the interests of the other members not parties to the Action, or would substantially impair or impede those persons' ability to protect their interests.

## III.  Class Certification

Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1), including all individuals satisfying the criteria below:

A.  The individual resides in the United States; and

B.  was a Plan participant or beneficiary at any point from October 8, 2018, through the date of entry of the Preliminary Approval Order; and

C.  paid a tobacco or nicotine surcharge in connection with their participation in the Plan from October 8, 2018, through the entry of the Preliminary Approval Order; and

D.  The individual was not fully reimbursed the tobacco or nicotine surcharge payments made from October 8, 2018, through the date of entry of the Preliminary Approval Order.

The "Class Period" is October 8, 2018, through the date of this Order.

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).  As required

3

by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted here; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted here; and (iv) the resources Class Counsel has committed to representing the Settlement Class.  Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, under Federal Rule of Civil Procedure 23(g)(2) the Court preliminarily designates Siri & Glimstad LLP as Class Counsel for the Settlement Class.

As reflected above, the Court finds that Plaintiff is an adequate and typical class representative for the Settlement Class for settlement purposes and therefore appoints Plaintiff Korine Y. Bailey as the Representative of the Settlement Class for settlement purposes.

The Court having determined preliminarily that this Action may proceed as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), the Settlement Class will be bound by any judgment concerning the Settlement, subject to the Court's final determination about whether this case may proceed.

## IV.    Preliminary Approval of Settlement

The Court **PRELIMINARILY APPROVES** the Settlement as documented in the Agreement, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiff's claims; (c) there is a genuine controversy between the Parties involving Defendant's compliance with the requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and

4

adequate; and (e) the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice to the Settlement Class.

## V.    Plan of Allocation

The Court preliminarily finds that the proposed Plan of Allocation is fair, reasonable, and adequate.

## VI.    Final Approval Hearing

A hearing ("Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is scheduled to be held before the Court on October 9, 2026, at 9 a.m. in Courtroom 2, 11th Floor, at the Odell Horton Federal Building, 167 North Main Street, Memphis, TN 38103, to determine finally, among other things:

A.    Whether the Settlement should be approved as fair, reasonable, and adequate;

B.    Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

C.    Whether the litigation should be dismissed with prejudice under the Agreement;

D.    Whether the Final Approval Order attached to the Agreement should be entered and whether the Released Parties should be released of and from the Released Claims, as provided in the Agreement;

E.    Whether the notice and notice methodology implemented pursuant to the Agreement (i) were reasonably calculated, under the circumstances, to apprise the Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

F.    Whether Class Counsel adequately represents the Settlement Class for entering into and implementing the Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

G.    Whether the proposed Plan of Allocation of the Net Settlement Amount is

5

fair, reasonable, and adequate and should be approved by the Court;

H.    Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiff has acted independently, whether Plaintiff's interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies;

I.    Whether the application for attorneys' fees and costs to be filed by Class Counsel should be approved;

J.    Whether a case contribution award should be awarded to Plaintiff; and

K.    Any other issues necessary for approval of the Settlement.

## VII.   Class Notice

The Parties have presented to the Court a proposed Settlement Notice, which is attached to the Agreement as Exhibit A.  The Court **APPROVES** the form and content of the Settlement Notice finding that it fairly and adequately: (1) describes the terms and effect of the Agreement and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Final Approval Hearing; and (3) describes how the recipients of the Settlement Notice may object to approval of the Settlement.  The Parties have proposed sending the Settlement Notice to Class Members via U.S. Mail, and the Court finds that is adequate.  By no later than sixty (60) calendar days before the Final Approval Hearing, Plaintiff will cause the Settlement Notice, with such non-substantive modifications as may be agreed upon by the Parties, to be disseminated via U.S. Mail to the last known address of each member of the Settlement Class who can be identified by reasonable effort.  At or before the Final Approval Hearing, Class Counsel will file with the Court proof of timely compliance with this mailing requirement.

## VIII.    Objections to Settlement

"Objector" means any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Agreement, to the proposed case contribution awards, or to the proposed award of attorneys' fees and costs.  Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection.  Any objection must be signed by the Settlement Class member.  The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties, as stated below.  The addresses for filing objections with the Court and service on counsel are:

| COURT CLERK | PLAINTIFF'S COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk of the Court | Oren Faircloth | Blake Crohan |
| U.S. District Court, Western District of Tennessee | Siri & Glimstad | Alston & Bird, LLP |
| Odell Horton Federal Building | 100 Pearl Street, 14th Floor #16946876 | 1201 W Peachtree Street |
| 167 North Main Street | Hartford, CT 06103 | Atlanta, GA 30309 |
| Memphis, TN 38103 | | |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least fourteen (14) calendar days before the Final Approval Hearing.  Any Settlement Class member or other person who does not timely file and serve a written objection complying with the terms of this paragraph will be deemed to have waived, and will be foreclosed from raising, any objection to the Settlement and any untimely objection will be barred.

## IX.    Appearance at Final Approval Hearing

An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Final Approval Hearing either in person or through counsel retained at the Objector's expense.  Objectors or their attorneys intending to appear at the

Final Approval Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney). The Notice of Intention to Appear must be filed with the Court and provided to Class Counsel and Defendant's counsel at least fourteen (14) calendar days before the Final Approval Hearing. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of all Objections and Notices of Intention to Appear that come into their possession.

**X.    Response to Objectors**

The Parties will respond to any Objector at least seven (7) calendar days before the Final Approval Hearing.

**XI.    Compliance with Class Action Fairness Act**

Defendant shall, on or before ten (10) calendar days before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715.

**XII.    Notice Expenses**

Reasonable expenses for carrying out Class Notice will be paid out of the Gross Settlement Amount from the Qualified Settlement Fund.

**XIII.    Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**

The Court understands that Defendant has retained or will retain an Independent Fiduciary to evaluate the Settlement to determine whether to authorize the Settlement on behalf of the Plan. The fees and expenses incurred by the Independent Fiduciary (including fees and

8

expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in evaluating and authorizing the Settlement on behalf of the Plan (defined as the "Independent Fiduciary Fees" in the Agreement), will be paid out of the Gross Settlement Amount from the Qualified Settlement Fund.  The expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Qualified Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of the Settlement Administrator, shall also be paid out of the Gross Settlement Amount.

## XIV.    Application for Attorneys' Fees

Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for case contribution awards to the Plaintiff, and all papers in support thereof, must be filed with the Court and served on all counsel of record at least forty-five (45) calendar days before the Final Approval Hearing.

## XV.    Motion for Final Approval of Settlement and Plan of Allocation

Class Counsel must file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation at least thirty (30) calendar days before the Final Approval Hearing.

## XVI.    Certification of Compliance

At or before the Final Approval Hearing, the Parties must file a proof of mailing the Class Notice and a statement of the Administrator's compliance with the terms of the Agreement, from the Administrator.

## XVII.  Injunction

Pending final determination of whether the Settlement should be approved, the Court **ENJOINS** Plaintiff, all Class Members, including their respective heirs, beneficiaries, executors,

administrators, estates, past and present partners, officers, directors, agents, predecessors, successors, and assigns, and the Plan from instituting or prosecuting any action that asserts any Released Claim against any of the Released Parties.

## XVII.  Termination of Settlement

If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order and all class findings the Court has made will become null and void and shall be without prejudice to the rights of the Parties, all of whom will be restored to their respective positions existing just before this Court entered this Order.

## XVIII. Use of Order

In the event this Order becomes of no force or effect, no part of it will be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor will the Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

## XIX.  Continuance of Final Approval Hearing

The Court reserves the right to continue the Final Approval Hearing, or to hold the Final Approval Hearing by remote means, without further written notice.

**SO ORDERED**, this 8th day of June, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE