**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KORINE BAILEY, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:24-cv-02749-TLP-tmp |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES,
COSTS, AND CASE CONTRIBUTION AWARD**

Plaintiff Korine Y. Bailey, on behalf of herself and the Settlement Class, sued Defendant Sedgwick Claims Management Services, Inc. under ERISA to recoup the costs of tobacco surcharges. (ECF No. 1 at PageID 1.) The Parties filed a Joint Notice of Settlement. (ECF No. 87.) And Plaintiff moved the Court to preliminarily approve the Class Action Settlement. (ECF Nos. 91, 94.) The Court granted that Motion. (ECF No. 97.)

Plaintiff then moved unopposed for the Court's final approval of the Settlement. (ECF No. 100.) The Court granted the Parties' Motion for Final Approval. (ECF No. 105.) Plaintiff also moved for attorneys' fees, costs, and a case contribution award. (ECF No. 99.)

For the reasons below, the Court **GRANTS** Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Case Contribution Award.

## BACKGROUND

The Court briefly summarizes Plaintiff's Motion. (ECF No. 99.) She moves the Court

for three awards: (1) attorneys' fees "in an amount not to exceed one-third . . . of the $3,000,000 Gross Settlement Amount," so $1,000,000; (2) "reasonably incurred litigation costs and expenses in the amount of $18,485.37; and (3) a Case Contribution Award of "up to $7,500 to the Class Representative, Korine Y. Bailey, for her time and efforts in representing the Settlement Class."[1] (*Id.* at PageID 1130; *accord* ECF No. 99-1 at PageID 1134.) Plaintiff remarks that these requests are "fair, reasonable, and consistent with the market for complex common-fund class actions." (ECF No. 99-1 at PageID 1134.)

For context, Plaintiff moves for these awards to be deducted from the Gross Settlement Amount. (*Id.* at PageID 1137.) As for that Amount, the Settlement Agreement provides that Defendant will pay a "non-reversionary Gross Settlement Amount of $3,000,000 into a Qualified Settlement Fund." (*Id.*)

Plaintiff requests that the Court order deducted from that Amount the attorneys' fees, litigation costs of $18,485.37, and "any Case Contribution Award." (*Id.*) And so after these deductions, the remaining "Net Settlement Amount" "will be distributed automatically to Settlement Class Members on a pro rata basis based on the tobacco or nicotine surcharges each paid during the Class Period." (*Id.*)

## ANALYSIS

The Court next applies the relevant legal standards to each of Plaintiff's requests. And it concludes that Class Counsel is entitled to the requested attorneys' fees and litigation costs, and that Plaintiff is entitled to the requested Case Contribution Award.

[1] Plaintiff moved for an attorneys' fees award in the amount of $18,485.37, but the Parties agreed on the higher figure of $19,733.02 in the Settlement Agreement. (*See* ECF No. 99 at PageID 1130.) Because an award of $19,733.02 is reasonable, the Court approves the award.

## I. Reasonable Fees

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). To receive these fees and costs, the party moving for them must provide notice of its motion for attorneys' fees to class members. *Id.* at 23(h)(1). Class Counsel has provided such notice here. (*See* ECF No. 99-1 at PageID 1143.)

Having met those threshold requirements, Plaintiff must also show Class Counsel's entitlement to reasonable attorneys' fees. *See In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 502 (E.D. Mich. 2008). A "lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). So courts may "assess[] attorneys' fees against the entire fund, thus spreading fees proportionately among those benefited by the suit." *Id.*

The Sixth Circuit requires that "awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). To do so, the Court must ensure that "counsel is fairly compensated for the amount of work done as well as for the results achieved." *Id.* And it may select between the "lodestar method" and the "percentage of the fund method" to calculate attorneys' fees "in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Id.*

First, then, the Court must state clearly the "reasoning used in adopting a particular methodology." *Id.* It adopts the percentage of the fund method here. Plaintiff relies on that method to advance her request, and she does so for good reason: the method makes it "easy to

calculate" funds, gives Class Counsel "reasonable expectations . . . as to their expected recovery," and might well have "encourage[d] early settlement." *See id.*

The Court is not concerned that the method pushed Class Counsel to settle for "too low a recovery" because one-third of the Gross Settlement Amount is a reasonably large amount. *See id.* Indeed, Plaintiff requested that Class Counsel receive one-third of $3,000,000 and the Supreme Court "has recognized consistently that someone who recovers from a common fund for the benefit of persons other than himself is due a reasonable attorney's fee from the fund as a whole." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 104 (2013) (citation modified). What is more, district courts in this circuit often award a one-third percentage of the gross amount in large class action settlements. *See, e.g.*, *Stewart v. Baptist Mem'l Health Care Corp.*, No. 2:21-cv-02377-SHM-cgc, 2024 WL 4360602, at *8 (W.D. Tenn. Sept. 30, 2024) (collecting cases).

Yet the Court must still ensure in common fund cases that the requested attorneys' fee award is "reasonable under the circumstances." *Rawlings*, 9 F.3d at 516. To determine the reasonableness of attorneys' fees the Court looks to six factors: (1) "the value of the benefit rendered to [Plaintiff]," (2) "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others," (3) "whether the services were undertaken on a contingent fee basis," (4) "the value of the services on an hourly basis," (5) "the complexity of the litigation," and (6) "the professional skill and standing of counsel involved on both sides." *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

Begin with the first *Ramey* factor, widely regarded as "the most important." *In re Cardinal Health Inc. Secs. Litigs.*, 528 F. Supp. 2d 752, 764 (S.D. Ohio 2007). The Settlement Agreement here established $3,000,000 common fund on behalf of over 5,000 employees who paid tobacco or nicotine surcharges. (ECF No. 99-2 at PageID 1154–55.) And Class Members

each receive distributions proportionate to the surcharges they paid. (*Id.* at PageID 1155.) The Settlement "provides about 24% of total estimated class-wide damages, which compares favorably with recoveries in other ERISA class action settlements. (*Id.*) Given the probability of success and the risk of moving forward with litigation, this Settlement presents significant value to each Settlement Member. This factor supports reasonableness.

So do the second, third, fifth, and sixth factors. These include "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others," "whether the services were undertaken on a contingent fee basis," "the complexity of the litigation," and "the professional skill and standing of counsel involved on both sides." *Ramey*, 508 F.2d at 1196.

Society benefits from encouraging attorneys to litigate employee benefit cases on behalf of large classes. And Plaintiff's Counsel took this case on a contingency fee basis, which risks spending time and expenses without guaranteed compensation. (ECF No. 99-2 at PageID 1157; *see Fusion Elite Allstars*, 2023 WL 6466398, at *7 ("Attorneys who take on such a massive task with a significant risk of nonpayment should be compensated both for services rendered and for the risk of loss or nonpayment assumed by accepting and prosecuting the case." (citation modified)).)

The Class Action was complex, included disputed and novel legal issues, and involved an extensive factual record. (ECF No. 99-2 at PageID 1156 ("At the time this case was filed, there was little controlling appellate authority interpreting the 'full reward' requirement . . . . [S]everal courts have dismissed claims materially similar to those asserted here.").) And Counsel for both sides are experienced, capable, and respected in their fields.

That leaves "the value of the services on an hourly basis." *Ramey*, 508 F.2d 1196. For this factor, courts may use the lodestar method to cross-check its fee determination. *See Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). But because the Court is not "employing the lodestar method in full, when using a lodestar cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court." *Cardinal Health*, 528 F. Supp. 2d at 767 (citation modified). Court determine the lodestar by multiplying the attorneys' reasonable hourly rate by the number of reasonable hours expended on the case. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

Plaintiff represents that Class Counsel devoted "approximately 424 hours to this matter through the filing of this motion, resulting in a lodestar of approximately $339,289.50 based on counsel's current billing rates." (ECF No. 99-1 at PageID 1147; *see* ECF No. 99-2 at PageID 1158.) First, the number of hours is reasonable given the litigation's breadth and early settlement. Plaintiff has also provided a Declaration from Oren Faircloth, who reviewed Class Counsel's billing documents and found them reasonable. (ECF No. 99-2 at PageID 1158.)

As for the lodestar figure itself, it reflects that Class Counsel bills at an aggregate hourly rate of $800.21. (*See id.*) The Court finds this hourly rate reasonable given Class Counsel's skill, experience, and reputation. *See, e.g.*, *Jefferson v. Gen. Motors LLC*, No. 2:20-cv-02576-JPM-tmp, 2025 WL 2403511, at *2 & n.1 (W.D. Tenn. Aug. 19, 2025) (finding class counsel hourly rates ranging from $400 to $900 an hour to "fall within the prevailing market rates for attorneys of comparable experience in complex class action litigation").

The lodestar—$339,289.50—compared to the requested one-third award ($1,000,000) from the Settlement Fund results in a lodestar multiplier of 2.95. (*See also* ECF No. 99-2 at PageID 1158.) A "lodestar multiplier" results from a court's adjustment of "awards upwards in

common fund cases, increasing the lodestar amount by a multiple of several times itself." *Breeden v. IMCMV Holdings, Inc.*, No. 3:21-cv-296, 2022 WL 22869637, at *2 (E.D. Tenn. Aug. 17, 2022) (citation modified). The proposed multiplier of 2.9 falls well within the normal range. *See id.* And over time, the low lodestar figure in this case will decrease in relative value because it will not account for Counsel's work to wind this case down, including appearing in Memphis for the Final Approval Hearing.

The Court also notes that this multiplier aligns with the typical one-third contingency award in these types of cases and is not excessive or unreasonable on developed record. *See, e.g.*, *McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 667 (N.D. Ohio 2023) (noting that courts "consistently approve[]" a one-third percentage "in complex wage and hour cases"). So the Court **AWARDS** Class Counsel $999,900[2] in attorneys' fees.

**II. Litigation Costs**

"Under the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003); *see* Fed. R. Civ. P. 23(h) (stating that a court may, in a certified class action, award "nontaxable costs that are authorized by law or by the parties' agreement"); *Treviso v. Nat'l Football Museum, Inc.*, No. 5:17-cv-00472-CAB, 2024 WL 753560, at *8 (N.D. Ohio Feb. 12, 2024), *report and recommendation adopted*, No. 5:17-cv-00472, 2024 WL 724530 (N.D. Ohio Feb. 22, 2024) (collecting cases and including class-notice costs and costs incurred during prosecution and settlement).

---

[2] The Parties agreed to this slightly reduced figure in the Settlement Agreement.

Class Counsel here requests the reimbursement of $18,485.37 in out-of-pocket litigation costs. (ECF No. 99-1 at PageID 1134.) In his Declaration, Faircloth noted that Class Counsel "exercised substantial discipline in managing litigation costs" in this Class Action. (ECF No. 99-2 at PageID 1157.) He explains that the firm's expenses of $18,485.37 include "filing, copying, legal research and platform fees, along with reasonable expenses for travel for hearings." (*Id.*)

The Court acknowledges that these expenses and costs, as above, do not include the "additional time and expenses" Class Counsel may expend as it continues to advocate "the Class's interest through the Final Approval Hearing and continued settlement administration." (*Id.*) These expenses are reasonable and fall within the permissible bounds for reimbursement. This is likely why the Parties ultimately agreed on a reimbursement of $19,733.02 rather than $18,485.37 in the Settlement Agreement. The Court accordingly **AWARDS** Class Counsel of $19,733.02 in litigation costs.

## III. Service Award

Plaintiff finally requests "a modest case contribution award of up to $7,500" for her time and effort as Class Representative. (ECF No. 99-1 at PageID 1134.) Some courts describe contribution awards, also known as "incentive awards," as "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). And district courts often grant these awards to class representatives. *Id.* at 898 (collecting cases).

The Court considers three factors to weigh a request for an incentive award: "(1) actions taken by Class Representatives to protect the interests of Class members and others and whether these actions resulted in substantial benefit to Class members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time

and effort spent by the Class Representatives in pursing the litigation." *Fusion Elite All Stars v. Varsity Brands, LLC*, No. 2:20-cv-02600-SHL-tmp, 2023 WL 6466398, at *8 (W.D. Tenn. Oct. 4, 2023) (citation omitted); *see id.* (awarding "Gym Class Representatives each . . . $20,000 and the three Spectator Class Representatives each . . . $5,000").

The Court finds that all three factors support granting the award. Plaintiff explains that she has served as "an active, hands-on participant, reviewing pleadings, gathering documents, communicating with counsel, and participating in settlement discussions." (ECF No. 99-1 at PageID 1148.) And of course, she assumed the "risks inherent in employment-related litigation." (*Id.*) The requested award does not produce a windfall because it is only 0.25% of the Gross Settlement Amount. *Cf. Hadix*, 322 F.3d at 897 (noting these awards are "scrutinized carefully by courts who sensibly fear that incentive awards may lead named plaintiffs to expect a bounty for bringing suit or to compromise the interest of the class for personal gain").

To be sure, this Settlement would not be possible without Plaintiff's direct participation. The Court **AWARDS** Plaintiff an incentive award of $7,500.

## CONCLUSION

The Court **AWARDS** Class Counsel $999,900 in attorneys' fees and $19,733.02 in litigation costs. It also **AWARDS** Plaintiff a $7,500 contribution award.

**SO ORDERED**, this 2nd day of November, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE